VERLIN SMITH v. STATE.

No. A-8555. Jan. 5, 1934.
(28 Pac. [2d] 587.)

E. M. Anderson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Verlin Smith, hereinafter referred to as defendant, was convicted in the district court of Mayes county of the crime of murder in the killing of Floyd Long, and his punishment fixed by the jury at imprisonment in the state penitentiary for life.

It is first contended the evidence is insufficient to support the verdict of the jury.

Without setting forth the evidence in detail or in substance, it is sufficient to say that while it is wholly circumstantial, all the facts and circumstances point conclusively to the guilt of the defendant. The state's case is further strengthened by the admissions of defendant in his evidence before the jury. He admits every fact and circumstance shown by the state tending to connect him with the offense, except the actual killing, and his explanation thereof, when considered in connection with the facts and circumstances shown by the state, makes out a case from which the jury were fully justified in returning a verdict of guilty.

It is next contended the trial court erred in the admission of incompetent and immaterial evidence.

This assignment of error relates to the admission in evidence of the revolver which the witness Gordon Lee found in March, 1932, at a point ten or twelve steps east of the place where the killing evidently occurred. It is

contended this gun is not identified as the gun of which the defendant was possessed on the day and evening of the killing, or that there was any proof that the gun was owned by deceased. There was evidence that the defendant had a gun on that day. While on the witness stand, this gun was exhibited to him, and he would neither affirm nor deny that it was his gun, or the one used in the killing. It is evident some one threw the gun away. If it was a killing by a hi-jacker or persons other than the defendant, they would have no motive in trying to get rid of the gun. The defendant would have such a motive, because if found in possession of a gun of the caliber of the bullets that were found in the body of deceased, he could hardly explain the killing consistent with his innocence.

The contention as to the admissibility of this evidence is evidently directed to the weight of the evidence, and not primarily against its admissibility. The weight of the evidence was for the jury. It did have a tendency to connect defendant with the offense and was, therefore, properly admitted.

It is also contended the trial court erred in giving instruction No. 2, which reads as follows:

"The exact time the offense is alleged to have been committed is immaterial, and proof of the commission of the offense within three years prior to the 9th day of September, 1931, will be sufficient as to time."

This instruction does not correctly state the law, because there is no limitation as to time a prosecution for murder may be commenced after its commission. The error of the court in misstating the time within which prosecution could be brought, if it was prejudicial, was against the state and not the defendant. The prosecu-

tion was commenced on the 9th day of September, 1931, while the offense was committed on the night of September 4th, or the early morning of September 5, 1931. This assignment of error, therefore, is wholly devoid of merit.

No fundamental error appearing in the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.